IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

FREDRICK FRAMELI, )
)
) 2:19-CV-00331-MJH
Plaintiff, )
)
vs. )
)
RICHARD JOYCE, BOTH IN HIS )
INDIVIDUAL AND OFFICIAL CAPACITY )
AS GAME WARDEN FOR THE
PENNSYLVANIA GAME COMMISSION;
BRIAN SINGER, AS SUPERVISOR OF
JOYCE; AND PA GAME COMMISSION,

Defendants,

OPINION AND ORDER

Plaintiff, Frederick Frameli ("Frameli"), brings the within action for damages pursuant to 42 U.S.C. § 1983 over the seizure of his pet dogs and his subsequent prosecution by Defendants. Frameli sues Richard Joyce, in both his individual and official capacity as game warden for the Pennsylvania Game Commission ("Joyce"), Brian Singer, as supervisor of Joyce ("Singer") and the PA Game Commission ("Commission")(collectively "Defendants"). Upon consideration of Frameli's Complaint (ECF No. 1); Defendants, Motion to Dismiss and Brief in Support (ECF Nos. 6 and 7); Frameli's Response and Brief in Response (ECF Nos. 8 and 9); and for the following reasons, Defendants' Motion to Dismiss is GRANTED.

From the Court's reading of the Complaint, the only enumerated cause of action is a "Monell Claim" (ECF No. 1 at p. 6). As to any "Monell Claim," the Defendants argue that any such claim against the Pennsylvania Game Commission is barred by the Eleventh Amendment. The Pennsylvania State Game Commission is not a proper Defendant in this § 1983 action. The Pennsylvania State Game Commission is not a "person" within the meaning of § 1983. *See*

*Gagliardi v. Fisher*, 513 F.Supp.2d 457, 473 (W.D.Pa.2007) citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Eleventh Amendment bars Plaintiff's claims against the Pennsylvania State Game Commission because it is protected by sovereign immunity under the Eleventh Amendment with respect to Plaintiff's constitutional claims and in particular the *Monell* claims. *See Urella v. PA. State Troopers Ass'n*, 2008 WL 1944069, *2 (E.D.Pa.); *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir.2001). Because the Pennsylvania State Game Commission is an agency of the Commonwealth of Pennsylvania, this Court's jurisdiction over this Defendant is barred based upon the Eleventh Amendment; and therefore, no *Monell* claim can be plead. Accordingly, Defendants, Motion to Dismiss, as regards any claim, including the Monell claim against the Pennsylvania Game Commission, is Granted. Pennsylvania Game Commission is dismissed, and any amendment against it is deemed futile.

Defendants' also argue that Singer and Joyce cannot be sued in their official capacities. A plaintiff can only sue a state actor in his or her individual or personal capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Frameli has named Joyce in both his official and individual capacity. The official capacity claim against Joyce cannot survive under Section 1983. Likewise, the Complaint names Singer, as supervisor of Joyce, which also appears to be in his official capacity cannot survive under Section 1983. Therefore, Defendants' Motion to Dismiss, as regards the claims against Joyce and Singer, in their official capacities, is Granted. Joyce, in his official capacity, and Singer will be respectively dismissed. Plaintiff will be granted leave to amend as regards any claim he seeks against Singer in his individual capacity.

As to the remainder of the Complaint, Defendants, in their brief, presume claims of malicious prosecution, improper seizure of property, conversion, and defamation. (ECF No. 7 at p. 2). However, dismissal under Federal Rule of Civil Procedure 8 is proper when a complaint "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison*, 438 Fed.Appx. 158 (3d Cir. 2011). Upon review of the Complaint, the Court and the Defendants are left to speculate and guess as to what causes of actions, in addition to the *Monell* claim discussed above, that Plaintiff is attempting to pursue besides a "Monell Claim." Federal notice and pleading rules require the complaint to provide "the defendant notice of what the...claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Causes of Actions under Section 1983 assume many forms with varying elements and defenses. The Complaint, as pleaded, does not provide Defendants with the notice of Plaintiff's specific claims under Section 1983 or of any other claims. Therefore, Plaintiff's Complaint will be dismissed with leave to amend for Plaintiff to articulate particular claims against Joyce and/or Singer with sufficient specificity.

## ORDER

And Now this 11th day of September 2019, upon consideration Frameli's Complaint (ECF No. 1); Defendants, Motion to Dismiss and Brief in Support (ECF Nos. 6 and 7); Frameli's Response and Brief in Response (ECF Nos. 8 and 9); and for the following reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint is dismissed. Plaintiff shall have leave to file an amended complaint consistent with this opinion. Any amendment shall be due on or before September 25, 2019. Should an amendment be filed, Defendant shall answer on or before October 9, 2019.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge