IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

FREDRICK FRAMELI,                )
                                 )
                                 )    2:19-CV-00331-MJH
         Plaintiff,              )
                                 )
     vs.                         )
                                 )
BRIAN SINGER,                    )
                                 )
         Defendant,

OPINION AND ORDER

Plaintiff, Frederick Frameli ("Frameli"), brings the within action against Defendants, Richard Joyce[1] and Brian Singer for damages pursuant to 42 U.S.C. § 1983 over the seizure of his pet dogs and his subsequent prosecution. Defendants have filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), and the matter is now ripe for consideration.

Upon consideration of Frameli's Amended Complaint (ECF No. 12); Defendants' Motion to Dismiss and Brief in Support (ECF Nos. 16 and 17); Frameli's Response and Brief in Opposition (ECF Nos. 18 and 19); and for the following reasons, Defendant's Motion to Dismiss will be granted.

I.  **Background**

In response to a report by Frameli's disgruntled neighbor, a game warden, Richard Joyce, executed a search warrant on Frameli's property and confiscated documents, dogs, pedigrees, registrations, and medications. (ECF No. 12 at ¶ 10). Joyce allegedly brought media personnel

---

[1] Richard Joyce was dismissed by Order of Court (ECF No. 21) because he is deceased, and Plaintiff did not move for substitution of his estate. Therefore, Defendants' Motion to Dismiss as regards Richard Joyce is now moot and will not be addressed in this Opinion and Order.

during the "raid" and restrained Frameli from lawful communication with his attorney. *Id.* at ¶ 11. Joyce charged Frameli with "multiple violations of the law" including "harboring wolf hybrids" and retained one of Frameli's German Shepards for his own. *Id.* at ¶ 12-13. Frameli was later found not guilty on all charges. *Id.* at 15

During the criminal proceedings against Frameli, his criminal defense attorneys demanded the body camera worn by Joyce. *Id.* at ¶ 14. Brian Singer, a Pennsylvania Game Commission supervisor, testified that Joyce had inadvertently destroyed the body camera footage by pressing the wrong computer key. *Id.* at ¶¶ 14, 18. Frameli alleges that Singer provided false or misleading testimony regarding the destruction of the footage because wrong keystrokes alone could not have destroyed the evidence. *Id.* at ¶ 19. In his Amended Complaint, Frameli appears to make two claims against Singer: 1) Singer violated Frameli's constitutional rights by conspiring with Joyce to intentionally withhold and/or destroy exculpatory evidence; and 2) Singer offered false and misleading testimony. *Id.* at ¶ 20.

II.    **Standard of Review**

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co.*

3

*v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

**III. Discussion**

A. Conspiracy to Intentionally Withhold and/or Destroy Exculpatory Evidence

Frameli contends that Joyce and Singer conspired to withhold and/or destroy exculpatory evidence because the footage from the body camera worn by Joyce had been destroyed. Singer argues that Frameli's conspiracy claim fails because he has failed to state a claim for a violation of a constitutional right. To prevail on a § 1983 conspiracy claim, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a constitutional right. *Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013). With regard to exculpatory evidence, the United States Supreme Court has held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Third Circuit has further held that "police officers and other state actors may be liable under § 1983 for failing to disclose exculpatory information to the prosecutor." *Gibson v. Superintendent of NJ Dep't of Law & Pub. Safety–Div. of State Police*, 411 F.3d 427, 443 (3d Cir. 2005), overruled on other grounds by *Dique v. N.J. State Police*, 603 F.3d 181 (3d Cir. 2010).

4

For purposes of a § 1983 claim, "[a] *Brady* violation occurs if: (1) the evidence at issue is favorable to the accused, because either exculpatory or impeaching; (2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence was 'material.' " *Breakiron v. Horn*, 642 F.3d 126, 133 (3d Cir. 2011). However, as the Third Circuit discussed in *Smith v. Holtz*, "the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense"; instead, the government's failure to disclose evidence rises to the level of a due process violation only if the failure to disclose "undermines confidence in the outcome of the trial." 210 F.3d 186, 196 (3d Cir. 2000). Therefore, where a plaintiff has been acquitted of charges, the Third Circuit has held that "no conduct by the defendants has undermined our confidence in the outcome of the trial and thus […] does not implicate *Brady*." *Telzer v. Borough of Englewood Cliffs*, 783 F. App'x 253, 258 (3d Cir. 2019) (citing *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) and *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998).

Here, Frameli's § 1983 claim for the withholding/destruction of allegedly exculpatory evidence fails as a matter of law because he was acquitted on all charges. (ECF No. 12 at ¶ 15). Therefore, the absence of the alleged exculpatory information did not undermine the confidence in the outcome of Frameli's criminal trial wherein he was still able to attain an acquittal. Accordingly, Frameli's claim of a conspiracy between Joyce and Singer for the intentional withholding and/or destruction of exculpatory evidence fails because those actions, if true, would not support the violation of a constitutional right under *Brady*. Thus, Singer's Motion to Dismiss Frameli's Conspiracy Claim will be granted. Because Frameli's acquittal is dispositive of the conspiracy claim against Singer, any amendment is deemed futile.

### B. Offering False and Misleading Testimony

Frameli next contends that Singer offered false and/or misleading testimony by stating that Joyce had negligently erased the body camera tape by pressing an incorrect computer key when such an action was not possible. Singer argues that Frameli's claims fail under either Pennsylvania or federal law because Pennsylvania does not recognize a private cause of action for perjury and because Singer has absolute immunity from claims based upon trial testimony. Frameli did not enumerate whether he was pursing state, federal, or both claims in his Amended Complaint.

#### i. State Cause of Action

Pennsylvania law does not recognize a private cause of action for perjury or obstruction of justice. *Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 418 (E.D. Pa. 2014), aff'd, 625 F. App'x 594 (3d Cir. 2016). Therefore, to the extent that Frameli attempted to plead a state claim based upon Singer's alleged false and/or misleading testimony, the same fails as a matter of law. Accordingly, Singer's Motion to Dismiss a state law claim for false and misleading testimony will granted. Any amendment as to a state law claim for false and misleading testimony is deemed futile.

#### ii. Federal Cause of Action

Witnesses at trial "[have] absolute immunity with respect to any claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S 356, 367 (2012); *see also Briscoe v. LaHue*, 460 U.S. 325, 345–46, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (holding that trial witnesses, including police officers, are absolutely immune from civil liability for claims based on their testimony). Here, Singer's testimony at Frameli's trial enjoys absolute immunity from civil liability even if he made false and/or misleading statements. Accordingly, Singer's Motion to Dismiss a federal

6

claim for false and misleading testimony will granted.  Any amendment as to a federal law claim for false and misleading testimony is deemed futile.

ORDER

And Now this 29th day of January 2020, after consideration of Frameli's Amended Complaint (ECF No. 12); Defendants' Motion to Dismiss and Brief in Support (ECF Nos. 16 and 17); Frameli's Response and Brief in Response (ECF Nos. 18 and 19); and for the foregoing reasons, Defendant's Motion to Dismiss is granted.  Any further amendment is deemed futile, and the case will be dismissed.

BY THE COURT:

MARILYN J. HORAN
United States District Judge